November 16, 1990

CLERK OF COURT
SUPREME COURT. CNMI
FILED

90 NOV 16 P2: 16

BY: _____

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE THE MATTER OF ) APPEAL NO. 90-038
 ) JUVENILE CASE NO. 90-06
 "C.T.M.,' )
 ) OPINION
 A Minor Child. )
_____)

Submitted November 2, 1990

Counsel for Appellant: Pamela O'Leary Tower
 Office of the Public Defender
 Saipan, MP 96950

Counsel for Appellee: James Hollman
 Office of the Attorney General
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

BORJA, Justice:

The juvenile was adjudicated a delinquent on May 25, 1990, with the trial court order stating that "the allegation of assault and battery contained in the Complaint of Delinquency has been proven by clear and convincing evidence." On July 5, 1990, the trial court ordered that he be "placed in detention for six (6) months, suspended for a period of one (1) year." The juvenile

411

appeals the adjudication of delinquency on the ground that his due process rights under our Constitution were violated when the trial court applied the clear and convincing standard of proof rather than proof beyond a reasonable doubt. As support for his position, the juvenile cites to Article I, Section 5 (the due process provision), and Section 4(j) of our Constitution,[1] and to Rule 6(4), Com.R.Juv.Del.Proc.[2]

On November 2, 1990, the government filed a Statement of Counsel that "The Government intends on conceding the issue on appeal raised by the appellant in his brief." At the hearing on the government's motion to dismiss the appeal for lack of jurisdiction, in response to our question of the meaning of "conceding the issue," the government admitted that the trial court used the wrong standard in the adjudication of delinquency and would not oppose the request of the juvenile to reverse and vacate the adjudication of delinquency.

Our constitutional due process provision is patterned after the due process clause of the United States Constitution found in

---

[1] In all criminal prosecutions certain fundamental rights shall obtain.

. . . .

j) Persons who are under eighteen years of age shall be protected in criminal judicial proceedings and in conditions of imprisonment.

[2] "Before making an adjudication that the child is a delinquent child . . . the court must be satisfied that all facts that are necessary to constitute a ground of delinquency under the Code, have either been admitted or proved beyond a reasonable doubt." (Emphasis added.)

the 14th Amendment. <u>See</u> "Analysis of the Constitution of the Commonwealth of the Northern Mariana Islands," p. 20 (1976). This Amendment has been made applicable to the Commonwealth pursuant to Section 501(a) of the Covenant.[3] The due process clause of the 14th Amendment to the U.S. Constitution prohibits a state from depriving any person of life, liberty, or property without due process of law. This has been interpreted by the United States Supreme Court, in <u>Re Winship</u>, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), to also mean that when a juvenile is charged in a delinquency proceeding with what would be a crime for an adult, the charge must be proved beyond a reasonable doubt.

Our constitutional provision requires no less. This is especially so because of the specific constitutional provision for protection of minors in criminal judicial proceedings stated in Article I, Section 4(j). In our society, both Chamorro and Carolinian cultures, children are held in high esteem. Every effort should be made to ensure that they are protected by due process of law in any possible deprivation of life, liberty, or property. At a minimum, this is required under our concept of fundamental fairness and protection for children.

Based on our constitutional due process provision, and on the clear language of Rule 6(4), Com.R.Juv.Del.Proc., we hold that the

------

[3]Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, <u>reprinted in</u> CMC at B-101.

adjudication of delinquency of the juvenile should be based on proof beyond a reasonable doubt. The adjudication of delinquency, and any resulting orders, are hereby REVERSED and VACATED and the matter is remanded with instructions to have a re-hearing applying the correct standard of proof.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice